LILLIAN M. RITCH et al. v. R. M. OATES et al.

(Decided April 26, 1898).

*Action to Recover Land—Fraudulent Conveyance—Homestead—Estoppel—Trust Deed—Joinder of Wife—Non-Age.*

1. Where a partner wrongfully used partnership funds for the purchase and improvement of real estate which he caused to be conveyed to his wife, and thereafter, in order to secure the repayment of such funds, he and his wife (who was under age), executed a deed of trust, under which the land was sold; and in the trial of an action by the wife, who repudiated the trust deed, the jury found that the funds had been invested in the land with intent to defraud the creditors of the husband; *Held*,

(1) That the conveyance to the wife was invalid as to the creditors of the husband.

(2) That the deed to the wife being a nullity as to the husband's creditors, and the husband having never had the legal title but only the right to call for a conveyance, the wife is not entitled to a homestead in the land.

RITCH *v.* OATES.

(3) That the husband is estopped by the trust deed to claim a homestead as against the beneficiary therein, or the purchaser at the sale thereunder.

(4) That the interest which the husband had in the land—a mere right to call for a conveyance—was not such an interest as to require the legal assent or joinder of his wife in the conveyance to bar his right to claim a homestead in the property.

CIVIL ACTION tried before *Norwood, J.*, and a jury at March Term, 1897, of MECKLENBURG Superior Court, for the recovery of a lot in the town of Huntersville.

The facts are sufficiently stated in the opinion. There was a verdict for defendants, and from the judgment thereon the plaintiffs appealed.

*Messrs. Osborne, Maxwell & Keerans* for plaintiffs (appellants).

*Messrs. Jones & Tillett* for defendants.

CLARK, J.: The jury, upon the issues submitted, find that the husband, H. E. Ritch, furnished the entire consideration for the purchase of the lot, and caused it to be conveyed to his wife (his co-plaintiff), with intent to hinder, delay and defraud his creditors; that his wife contributed nothing in money or credit towards the purchase of the lot or in putting improvements thereon; that in putting the improvements on the lot, H. E. Ritch used $700, wrongfully taken from partnership assets without the consent of his partner, J. R. Wallace, and that, to secure to Wallace the repayment of the same, Ritch and his wife executed a deed of trust on said lot. She was under age at the time, but this was unknown to Wallace. The deed in trust was foreclosed in 1892, and the property was conveyed by the trustee therein to the purchaser, R. M. Oates, who has been in possession ever since, and is co-defendant with Wallace

in this action, in which the *feme* plaintiff seeks to recover the land.

The lot having been bought by the husband, upon a consideration proceeding solely from him, and title at his instance having been made to the wife without any consideration, and (as the jury find) with intent to hinder, delay and defraud his creditors, the conveyance was invalid as to them, and upon proper proceedings would be set aside.

The answer raises that issue and, it having been found by the jury, the same relief can be decreed herein. The deed to her being a nullity as to the defendants, creditors of the husband, she is entitled to no homestead therein in her own right. The husband never had the legal title in himself, only the right to call for a conveyance. The deed in trust given by him and his wife to Wallace to secure the $700 wrongfully abstracted and used in building upon the premises was in equity a direction that the legal title should be assigned to Wallace, and by such trust deed he is estopped to claim a homestead in the property as against the money used in the improvements. She being under age, her assent, though given with privy examination, is invalid, but the interest of the husband, a mere right to call for the title, was not such an interest as to require her legal assent to the conveyance to bar the husband's assertion of a homestead therein. This is not a case wherein a party having a legal title makes a fraudulent conveyance. There, if the fraudulent deed is set aside, he can claim his homestead in the property, which is restored to him. But, here, the husband never had the legal title, and if the only conveyance, that to the wife, is set aside, the title revests in the vendor subject to the husband's right to call for a conveyance, which right in equity he con-

veyed to Wallace by the mortgage to secure the money wrongfully used to put up the buildings on the property.

It does not appear in the findings of the jury but there was evidence that only a part of the purchase money was paid by the husband, he having given his note for the balance. This does not affect the question, for the entire consideration proceeded from him, and he could not have the property abstracted from liability to his creditors by causing the title to be made to his wife " with intent to hinder, delay and defraud his creditors," whether he bought for cash or on credit.

If the plaintiffs so desire, the judgment may be modified by a direction that the wife be declared a trustee of the legal title, that the property be sold for the benefit of defendants by a commissioner appointed by the court, the surplus, if any, after paying the husband's indebtedness to Wallace and the costs of this action, to be paid to the *feme* plaintiff. This, however, will be needless expense, if the husband's indebtedness to Wallace exceeds the value of the property.

The Statute of Limitations is not pleaded, but, if it had been, the plaintiffs cannot rely upon Wallace not having proceeded against Ritch within three years after discovery of the misappropriation by him of partnership funds, for he did take steps within the three years but was stopped by Ritch who gave him a mortgage to secure the return of the fund and the property has been sold thereunder.

It is unnecessary to consider the exceptions in detail. So far as not covered by the above discussion, the rulings are immaterial, and, if erroneous, are harmless errors.

Modified and affirmed.